Dickman, J.
It was the province of the jury to inquire' whether the transfer track was used in an improper manner by the Pennsylvania Company, at the time Charles Gallagher was injured; and whether the company, through its agents and servants, negligently, and without giving the usual or any signal or notice to him or to his father,, moved the ears upon the transfer track, and thus inflicted the injury received. Upon a careful examination of all the testimony disclosed by the record, we are not satisfied that the verdict of the jury was so clearly against the weight of the evidence, as to require that it should be set aside and the judgment reversed, unless the son was assisting his father under such circumstances, or the son’s conduct at the time was such, that ordinary care and prudence to prevent the injury could not be exacted of the company. Landis v. Kelly, 27 Ohio St., 567.
It is not neeessary to inquire, whether the son, notwithstanding his immature years, would be responsible for a failure to use the ordinary degree of care, as it is not claimed that there was any negligence on his part or on the part of his father,— if the father’s negligence could be imputed to him. But It is contended, that the same relations did not exist between the Pennsylvania Company and the son, which existed between that company and the father; that the same measure of duty was not owing by that company to the son which was owing to the father. Daniel Gallagher, it is said, was an employ^ of the Baltimore and Ohio Railroad Company, and was rightfully engaged in the line of his duty, while his son was not such an employé; that the father had no authority from his employer to call upon his son to assist him; and that the son rendered the required assistance at his peril, notwithstanding the Pennsylvania Company might fail to use ordinary care and prudence.
*644 As appears by the evidence, Daniel Gallagher was the car inspector, and, in that capacity, the duty devolved upon him to attend to the repairing of cars. His employer must be regarded as having invested him with all the necessary powers incident to his employment. If A. employs B. to operate his factory, giving to him the entire charge over the same, fitun the nature of the employment, B. is vested with power to do such acts as may be necessary for the conduct of the business in which he is employed, in its ordinary and usual manner; as,, if machinery should break, to get it repaired, and generally to do any acts essential to the discharge of his duties, and the prosecution of the business usually intrusted to persons in his position. Wood's Law of Master and Servant, 500.
In the’ business of repairing the broken car, Daniel Gallagher was * authorized to bring to his aid any instrument or agency necessary to the proper performance of his work. ■ He availed himself of the necessary temporary assistance of his son, as he used other instrumentalities under his-control. Pie did not delegate to another a charge committed to himself personally, because of his acknowledged skill and fitness, but directed his son to render assistance which was merely mechanical, and under the supervising guidance and control of the father’s mind and will. Presumptively, Daniel Gallagher did not exceed his powers in Galling upon his son for temporary assistance; and, though a contingency might have been possible in which the Baltimore & Ohio Railroad Company might have raised a question as to the son’s right to recover of it, in an action for injuries received through his father’s carelessness, such possible contingency would not excuse a want of due care on the part of the Pennsylvania Company. Charles Gallagher was not a trespasser, nor wrongfully on the premises where he was injured. And we cannot reach the conclusion that he bore such a relation to the Baltimore & Ohio Railroad Company, that, while rendering needed assistance to that company, in compliance with the direc *645 tions of its agent with such implied authority, he was placed beyond the pale of protection against the carelessness of the plaintiff in error.
In another aspect of this case, it would seem, that if the Pennsylvania Company could have recovered of the Baltimore & Ohio Railroad Company, for any injury received by it at the hands of Charles Gallagher, while. under his father’s direction and control, the son was not such a stranger to the service of the Baltimore & Ohio Railroad Company, as to debar him from all remedy for injuries suffered by him, through the negligence of the agents and servants of the Pennsylvania Company. That the Pennsylvania Company would have such right of action, is the doctrine of well-adjudged cases.
Simons v. Monier, 29 Barb., 419, was a case, in which the defendant owned a farm, his servant residing on it. In the course of farming, the servant cut a quantity of brush, and piled it in heaps, adjacent to the plaintiff’s land. He then sent his son, an infant, to set fire to it, and the fire extended to the plaintiff’s land, destroying a quantity of timber thereon. It was held, that the act of the son was the act of the father — the defendant’s servant, he being under his control; and that the defendant was liable. Although the act was done by the hand of the son, the hand was directed, guided, and controlled by the mind and will of the father. See also Althorf v. Wolfe, 22 New York, 355; Booth v. Mister, 7 Carr. & Payne, 66.
In the view which we take of this case, the defendant was not prejudiced by the qualifications added by the court to the fourth and fifth requests given in charge to the jury. We are therefore of opinion, that the judgment of the district court should be affirmed.

Judgment accordingly.